IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA UNDERHILL, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF GALEN UNDERHILL, and SEAN UNDERHILL, <br><br> Plaintiffs, <br><br> v. <br><br> COLEMAN COMPANY, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:12-cv-129-JPG-DGW |

## ORDER

**WILKERSON, Magistrate Judge:**

This matter comes before the Court on Defendant's Motion for Discovery and Memorandum in Support Regarding Discoverability of Information Relating to Focus 3, 5, and 10 Heaters and Privileged Testing (Doc. 39) filed August 13, 2012. Plaintiffs simultaneously filed a Brief in Support of Disclosure of Documents (Doc. 40). For the reasons set forth below, Defendant's motion is **GRANTED in part and DENIED in part**.

### BACKGROUND

Plaintiffs filed this lawsuit in response to the death of Galen Underhill and injury of Sean Underhill from exposure to carbon monoxide (CO) resulting from the operation of a Powermate 5045 propane radiant heater manufactured by Defendant Coleman Company (Coleman). Plaintiffs seek discovery related to all Focus and Powermate model propane radiant heaters manufactured by Coleman, and information related to incidents involving injuries resulting from exposure to CO emitted by Coleman radiant propane heaters (Doc. 40, p. 1). In response to discovery requests, Coleman has already produced documents related to all Powermate model

heaters, and Focus model 12, 15, and 30 heaters. Coleman has denied Plaintiffs' requests for documents regarding the Focus 3, 5, and 10 heaters. Coleman has also denied Plaintiffs' requests for documents related to safety testing conducted by Coleman.

The parties, having attempted to work out the disputes independently, brought the issues to the Court in a telephonic discovery dispute conference held on July 23, 2012 (Doc. 33). After hearing arguments, the Court directed the parties to file briefs on the questions whether the Court should compel Coleman to produce discovery regarding the Focus 3, 5, and 10 heaters, and whether test results referred to by Stuart Meether are subject to attorney-client or work-product privilege. Both parties complied; the issues are fully briefed and ripe for ruling.

## DISCUSSION

### *Discovery related to the Focus 3, 5, and 10 heaters is relevant and discoverable.*

Plaintiffs argue that they are entitled to discovery related to all Coleman Focus and Powermate radiant propane heaters because such documents are relevant 1) to prove the existence of defective design and inadequate warnings; 2) to show that defective design and inadequate warnings proximately caused the injuries; 3) to show that defendant had notice of the defects and inadequacy of its warnings; 4) to show that Coleman had notice of consumer use of its heaters; 5) to show that Coleman had knowledge of safety devices in heaters produced by other manufacturers; and 6) to show that despite notice and knowledge, Coleman made no corrective action to the design of or warnings on the Powermate 5045 (Doc. 40, pp. 5-6).

Coleman, on the other hand, argues that Plaintiffs' requests for documents related to the Focus 3, 5, and 10 heaters exceed the scope of discovery allowed by Fed. R. Civ. P. 26. Coleman argues specifically that documents related to the Focus 3, 5, and 10 are not relevant because those

2

heaters are substantially dissimilar from the heater at issue in the case, a Coleman Powermate 5045 (Doc. 39). The dissimilarity between the Focus 3, 5, and 10, and the Powermate 5045, Coleman contends, is based upon 1) differences in instructions and appearance of the heaters; 2) differences in the design of the component parts; 3) differences in operational performance; and 4) differences in certification (Doc. 39, p. 5).

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard is broad. Nevertheless, there are limits to discovery. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In *Oppenheimer*, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351-52.

In light of the broad scope of discovery allowed under the Federal Rules, the Court agrees with Plaintiffs that documents related to the Focus 3, 5, and 10 heaters are relevant to the issues in the case and are therefore discoverable. Coleman's attempts to distinguish between the Focus 3, 5, and 10 heaters and the Powermate heaters are not persuasive. All Coleman radiant propane heaters share a basic similarity: they generate radiant heat fueled by propane gas. As a result, all Coleman radiant propane heaters emit CO. According to Plaintiffs, in the early 1990s the Focus 5 heaters were the subject of an investigation by the Consumer Products Safety Commission (CPSC). One result of the CPSC investigation was that Coleman modified its on-product

3

warning language to specify the CO hazard involved in operating a radiant propane heater. Such an act implies Coleman's institutional knowledge of inadequate warnings resulting from the CPSC (or other internal) inquiry. In approximately 1996, Coleman discontinued the Focus line of heaters and introduced the Powermate line of heaters. The timing of the discontinuation of the Focus heaters and the introduction of the Powermate heaters supports an inference that Coleman's experience with the Focus heaters led Coleman to change and rebrand their radiant propane heaters. Plaintiffs are entitled to further explore what changes, if any, were made at the time of the rebranding. Any such inquiry is reasonably calculated to lead to the discovery of admissible evidence. The Court thus finds that discovery of information related to the design, testing, emissions, and development of all Coleman radiant propane heaters is relevant to the issues in the case.

The Court acknowledges that at trial evidence of heaters other than the model at issue in the case may or may not be admissible. That determination is not before the Court at this time. The Court thus finds that discovery regarding the design, testing, emissions, and development of Coleman's Focus series of radiant propane heaters (including the Focus 3, 5, and 10), as well as discovery related to causation of CO poisoning by other Coleman heaters, is relevant and discoverable. Coleman is therefore **ORDERED** to respond to Plaintiffs' requests for production with documents related to the Focus 3, 5, and 10 heaters.

### *Testing documents are not protected by attorney-client privilege.*

Plaintiffs argue they are entitled to discovery of documents related to testing performed in 2007 and 2008 by Coleman on the Powermate 5045 or other Coleman radiant propane heaters. Coleman listed these three pages of documents in its privilege log produced to Plaintiffs on June

4

11, 2012 (Doc. 40-2, Exh. B). Plaintiffs assert that the attorney-client privilege applies only to communications and not to facts. Because the documents at issue are not communications between attorney and client, they are not protected by the privilege. Plaintiffs also maintain that a party may not protect a corporate document by disclosing it to an attorney. Coleman asserts that the attorney-client privilege applies to the documents because Stuart Meether's awareness of the testing resulted from his communications with Coleman's counsel.

Courts recognize the protection of communications made in confidence between attorney and client when the communications are for the purpose of obtaining legal advice. *See Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2009). A communication falls within the scope of the privilege when 1) "legal advice of any kind [was] sought . . . from a professional legal adviser in his capacity as such"; and 2) "the communication 'was relat[ed] to that purpose' and 'made in confidence by the client.'" *Id.* (quoting *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)).

Plaintiffs are correct to point out that unless they are identified as letters or other correspondence, documents showing results of testing are not "communications" per se. Coleman does not make an argument that the documents are communications, but states only Meether's "awareness of the testing was a direct result of his communications with counsel." The Court does not believe that is sufficient to make the documents privileged communications. Coleman has therefore not met its burden to establish existence of the attorney-client privilege. *See Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 477 (N.D. Ill. 2002).

***Testing documents are protected by the work-product doctrine.***

Plaintiffs contend that the work-product doctrine is likewise inapplicable because it does

5

not protect "the factual knowledge of individual witnesses." Plaintiffs point out that the documents were produced to Stuart Meether, who has appeared as a testifying employee-expert in other cases involving Coleman heaters. They thus argue that the documents should be disclosed as facts forming the opinion of an expert pursuant to Fed. R. Civ. P. 26(a)(2). Coleman asserts that the testing documents were prepared in anticipation of litigation and are therefore protected by the work-product doctrine.

The work-product doctrine protects from disclosure documents prepared by attorneys in anticipation of litigation. *See Sandra T.E. v. Berwyn*, 600 F.3d at 618. The scope of the privilege is not limited to documents prepared specifically by an attorney, but also to documents prepared by a party or a party's agent "in anticipation of litigation." *See* Fed. R. Civ. P. 26(b)(3)(A); *Boyer v. Gildea*, 257 F.R.D. 488, 491 (N.D. Ind. 2009). Precautionary documents "developed in the ordinary course of business" with the "remote prospect of litigation" in mind are not subject to protection. *See Sandra T.E. v. Berwyn*, 600 F.3d at 622 (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1120 (7th Cir. 1983)). Documents prepared "because of the prospect of litigation," *see Sandra T.E. v. Berwyn*, 600 F.3d at 622 (quoting *Logan v. commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996)), or obtained because "some articulable claim likely to lead to litigation [has] arisen," *see Sandra T.E. v. Berwyn*, 600 F.3d at 622 (quoting *Binks*, 709 F.2d at 1120), are protected. Such work product is discoverable in only limited situations in which a party is able to establish "substantial need" for the discovery and an inability to obtain equivalent materials by other means without "undue hardship." Fed. R. Civ. P. 26(b)(3)(A).

Based on the facts presented by the parties, it is reasonable to conclude that safety testing would have occurred in anticipation of litigation similar to the instant case. In fact, Coleman

6

identifies the United States District Court in the Western District of Washington and the case of *Daniel v. Coleman Co., Inc.*, Docket No. C06-5706KLS (W.D. Wa. June 13, 2008). There, Judge Strombom determined that the same testing documents at issue here "were created in relation to litigation, and that really isn't disputed" (Doc. 39-17, p. 3). Moreover, the very fact of the litigation in the Western District of Washington supports the inference that the testing occurred for the purposes of that litigation, which would make the documents protected work-product here. Plaintiffs have made no showing of their substantial need for the documents or an undue hardship in discovery of similar documents. Accordingly, the Court finds that the testing documents are protected by work-product doctrine, and are therefore not subject to disclosure to the Plaintiffs.

## Conclusion

Therefore, based on all the foregoing, Coleman's Motion for Discovery (Doc. 39) is **GRANTED in part and DENIED in part**. The Court **ORDERS** Coleman to produce discovery related to Focus 3, 5, and 10 heaters. All such documents shall be produced by **October 15, 2012**. Coleman is not required to produce documents related to the testing of the Powermate 5045 performed by Coleman in 2007 and 2008. These documents were prepared in anticipation of litigation and are therefore protected by the work-product doctrine.

**IT IS SO ORDERED.**

**DATED: September 25, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**