IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA UNDERHILL, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF GALEN UNDERHILL, and SEAN UNDERHILL, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>THE COLEMAN COMPANY, INC., <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )　　Case No. 3:12-cv-129-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

　　This matter comes before the Court on a discovery dispute raised by the Plaintiffs in a Telephonic Discovery Dispute Conference held on September 11, 2012 (Doc. 47). At that conference, Plaintiffs argued that Defendant's responses to Plaintiffs' requests for admission were insufficient under the Federal Rules. The Court ordered briefing on the matter. This issue is now fully briefed and ripe for ruling.

　　On July 24, 2012, Plaintiffs issued a Second Set of Requests for Admission to Defendant (Doc. 34). The following requests and answers are at issue:

1. Admit as to Exhibit A, which is a copy of Sean Underhill's medical bills from the Anderson Hospital, that:

    a. Exhibit A is a genuine copy of bills incurred as a result of an accident involving Sean Underhill on April 10, 2010, at which time he was exposed to carbon monoxide.

    RESPONSE: Coleman cannot truthfully admit or deny section 1.a. of this Request as Coleman has never examined the genuine originals of medical bills created for the care of Sean Underhill. Consequently, Coleman cannot truthfully admit or deny whether Exhibit A constitutes true and correct copies of originals that Coleman has never seen.

b. Exhibit A represents charges for services which were necessary for conditions occurring as a result of an accident involving Sean Underhill on April 10, 2010, at which time he was exposed to carbon monoxide.

RESPONSE: Coleman cannot truthfully admit or deny section 1.b. of this Request as there is no evidence in this case, via the opinion of an expert or otherwise, that all services rendered were necessary to treat Sean Underhill's condition.

c. That the total charges billed in Exhibit A of $14,027.57 are reasonable charges for the services performed.

RESPONSE: Coleman cannot truthfully admit or deny section 1.c. of this Request as there is no evidence in this case, via the opinion of an expert or otherwise, that all services rendered to treat Sean Underhill's condition were reasonable.

2. Admit, as to Exhibit B, which are medical records produced by Anderson Hospital that:

a. The medical records attached as Exhibit B are true and accurate copies of medical records of Anderson Hospital, with regard to care and treatment provided to Sean Underhill.

RESPONSE: Coleman cannot truthfully admit or deny section 2.1. of this Request as Coleman has never examined the genuine originals of medical bills created for the care of Sean Underhill. Consequently, Coleman cannot truthfully admit or deny whether Exhibit B constitutes genuine copies of originals that Coleman has never seen.

b. The medical records attached as Exhibit B were created and maintained in the ordinary course of business of Anderson Hospital and were created by or at the direction of someone with knowledge of the material contained therein at or around the time the treatment or care was provided to Sean Underhill.

RESPONSE: Coleman cannot truthfully admit or deny section 2.b. of this Request as there is no evidence from hospital personnel that the records contained in Exhibit B were (1) created and maintained in the ordinary course of business of Anderson Hospital, (2) created by or at the direction of someone with knowledge of the material contained therein, or (3) that they were created at or around the time the treatment or care was provided to Sean Underhill.

Plaintiffs explain that they are attempting to narrow issues for trial by seeking admissions from Coleman regarding medical records. Plaintiffs argue that Coleman's responses are insufficient because they do not contain an adequate explanation of the measures taken to

determine whether the request can be answered (Doc. 48). Plaintiffs seek sanctions against Coleman pursuant to Fed. R. Civ. P. 37(c)(2) for failure to admit, to include reasonable expenses and attorney's fees, and ask that Coleman's responses be stricken and the requests deemed admitted.

In response, Coleman argues that it cannot admit or deny the truthfulness of records "it has never seen and never had control over" (Doc. 50). Regarding the adequacy or inadequacy of its responses, Coleman contends that it did not assert lack of knowledge as the basis of its inability to admit or deny. As such, no detail regarding the extent of inquiry made to respond to the requests to admit is required.

## DISCUSSION

The Federal Rules of Civil Procedure direct parties to answer requests for admissions as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Requests for admissions serve to narrow issues for trial and expedite litigation. *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008). When a requesting party is not satisfied with a response to a request to admit, the requesting party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). Upon review of the answer or objection, the trial court may find an objection justified, order a party to answer the request, or if a response fails to comply with the terms of the rule, order the matter

3

admitted or order the responding party to amend the answer. *See Harris v. Koenig*, 271 F.R.D. 356, 372-73 (D.D.C. 2010).

While the Court commends the Plaintiffs for attempting to limit the issues for trial, the Court does not believe, based on the standards outlined above, that Defendant's responses are improper. Rule 36(a)(4) specifically states that a party may answer a request to admit by stating in detail why the responding party cannot truthfully admit or deny the request. Defendant's answers state in detail why each request cannot be truthfully admitted or denied. Plaintiffs are correct to point out that the rule specifies that if a party states its lack of knowledge or information as a basis for its failure to admit or deny, that party is required to state that it made reasonable inquiry and that the information the party does have is insufficient to enable it to admit or deny the request. None of Defendant's responses, however, assert lack of knowledge or information as a reason for its inability to admit or deny the requests. Without such an assertion, the rule does not require a responding party to state it made a reasonable inquiry and the information it does know is insufficient to admit or deny the request. Accordingly, the Court finds that Defendant's responses were sufficient under the rules. The Court will not, therefore, deem the requests admitted, or sanction Defendant in some other way.

The Court would be remiss, however, if it failed to register its disappointment that the parties have been unable to come to agreement as to the origin and authenticity of Sean Underhill's medical records. The Court believes it an unnecessary expense to the clients and a waste of the Court's time to require a custodian of records to testify at trial, when the parties could easily have admitted or otherwise stipulated that the records filed as exhibits to the requests for admissions were indeed the medical records of Sean Underhill. Both parties are aware that such an admission

4

would not preclude any argument, likely through the use of expert testimony, regarding the extent or remedial value of Sean Underhill's injuries.

## CONCLUSION

Accordingly, based on all the foregoing, the Court finds Defendant Coleman Company's answers to Plaintiffs' Second Requests to Admit 1a, 1b, 1c, 2a, and 2b are sufficient under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED: October 5, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**