IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA UNDERHILL, *Individually and as Special Administrator of the Estate of Galen Underhill*, and SEAN UNDERHILL, | |
| Plaintiffs, | Case No. 12-cv-129-JPG |
| vs. | |
| COLEMAN COMPANY, INC., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Coleman Company, Inc.'s ("Coleman") motion to dismiss Count VI of plaintiffs' third amended complaint (Doc. 59) to which plaintiff Sean Underhill ("Underhill") has responded (Doc. 62).  Subsequent to receipt of this motion to dismiss, plaintiffs filed a fourth amended complaint with an identically stated Count VI.  Accordingly, the Court will construe the instant motion as a motion to dismiss Count VI of plaintiffs' fourth amended complaint.  For the following reasons, the Court denies Coleman's motion to dismiss.

**1.  Facts**

On the night of April 9, 2010, Galen Underhill and Sean Underhill went camping in a pop-up camper on Tim Reynolds' property located in Alhambra, Illinois.  To keep warm they used a PowerMate Model 5045 propane radiant heater manufactured by Coleman.  During the night, the heater released deadly amounts of carbon monoxide.  As a result of their exposure to carbon monoxide, Galen Underhill died and Sean Underhill suffered serious injury.

On January 10, 2012, plaintiffs filed their six-count complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. Specifically, Count VI, the count at issue in Coleman's motion to dismiss, alleges that Coleman failed to provide continuing, post-sale warnings to Sean Underhill concerning the heater's dangerous release of carbon monoxide, including the following allegations:

> 55. At the time the PowerMate 5045 heater was designed, manufactured and distributed [Coleman] was fully aware that its propane heaters produced deadly levels of carbon monoxide during its normal and foreseeable operation.
>
> 56. At the time the PowerMate 5045 heater was designed, manufactured and distributed [Coleman] was fully aware that users of its propane heaters were using the products within enclosures without appropriate ventilation and were, as a result, dying and/or being seriously injured from carbon monoxide poisoning.

Doc. 67, p. 12. Plaintiffs' complaint further requested punitive damages as follows:

> 65. In light of [Coleman]'s knowledge of the hazards and risks of the use of its heaters and with the further knowledge that numerous people had died as a result of carbon monoxide emitted from [Coleman]'s propane radiant heaters that had been operated within houses, campers, tents, vehicles and/or unventilated or enclosed areas, [Coleman]'s conduct manifests a knowing and reckless indifference toward, and a disregard of, the rights of others, including the Plaintiff, Sean Underhill, entitling Plaintiff, Sean Underhill to an award of punitive damages.

Doc. 67, p. 14.

Thereafter, Coleman removed the case to the Southern District of Illinois based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Coleman filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that (1) the allegations in Count VI do not support a punitive damages claim; and (2) Illinois does not recognize a claim for punitive damages based upon a continuing post-sale duty to warn regarding dangers that were not known at the time of sale.

## 2. Analysis

When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### a. Count VI States a Claim for Punitive Damages

Coleman first contends that Count VI of the plaintiffs' complaint should be dismissed because the allegations do not support an award of punitive damages. Illinois law recognizes punitive damages "only 'where the alleged misconduct is outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others.'" *Parks v. Wells Fargo Home Mortg., Inc.*, 398 F.3d 937, 942 (7th Cir. 2005) (citing *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1336 (Ill. App. Ct. 1995)); *accord Doe v. Chand*, 781 N.E.2d 340, 349 (Ill. App. Ct. 2002) ("Punitive damages are warranted where an otherwise negligent act is accompanied by outrageous conduct or acts committed with malice or reckless indifference to the rights of others.")

Here, Underhill alleged in Count VI that "[Coleman]'s conduct manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." These allegations are consistent with Illinois' punitive damages law. Thus, Underhill has made appropriate allegations that, if true, would support an award of punitive damages. Accordingly, the Court denies Coleman's motion to dismiss with respect to its contention that Underhill's allegations do not support an award of punitive damages.

### b. Illinois Recognizes Punitive Damages for the Claim Stated in Count VI

Next, Coleman moves to dismiss Count VI arguing that Illinois law forbids the use of post-sale conduct or knowledge in support of a punitive damages claim. Specifically, Coleman cites *Bass v. Cincinnati, Inc.*, 536 N.E.2d 831 (Ill. App. Ct. 1989) and *Kemner v. Monsanto Co.*, 576 N.E.2d 1146 (Ill. App. Ct. 1991) for the proposition that a plaintiff cannot use evidence of post-sale conduct or knowledge to support a punitive damages claim.

"A continuing duty [to warn] may be imposed if at the time of manufacture of the product the manufacturer knew or should have known of the hazard." *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1169 (Ill. 2011). *Bass*, a case relied upon by Coleman, explains that that "a manufacturer's awareness that its product poses a danger coupled with a failure to act to reduce the risk amounts to willful and wanton conduct." *Bass*, 536 N.E.2d at 835. In such a case, "[e]vidence of prior occurrences is admissible" in support of a claim for punitive damages. *Id*. As Coleman points out, post-sale conduct or knowledge is not admissible to support a punitive damages claim. *Id*.

Here, Underhill does not allege that Coleman gained the relevant knowledge *subsequent* to the sale of the heater. Underhill's complaint clearly alleges that Coleman knew about the dangers of its product *prior* to the sale. Accordingly, Coleman has mischaracterized the nature of Underhill's claim. Further, Underhill alleges that Coleman had knowledge of the dangers associated with its heater prior to sale and acted with "knowing and reckless indifference toward, and a disregard of, the rights of others." Based on these allegations, Underhill appropriately pleaded a claim for a continuing duty to warn and punitive damages that, taken as true, state a claim to relief that is plausible on its face. Thus, the Court denies Coleman's motion to dismiss

with respect to its allegation that Illinois law does not support punitive damages for the claim contained in Count VI.

3. Conclusion

The Court **DENIES** Coleman's motion to dismiss (Doc. 59) in its entirety.

**IT IS SO ORDERED.**

**DATED:** January 28, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
