IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAULA UNDERHILL, *Individually and as Special Administrator of the Estate of Galen Underhill* and SEAN UNDERHILL, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:12-cv-129-JPG-DGW |
| v. | ) ) | |
| COLEMAN COMPANY, INC. | ) ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On February 5, 2013, this Court held a hearing on a discovery dispute regarding destructive testing of the propane heater that is the subject of this lawsuit. Attorney Lytle appeared on behalf of Plaintiff and Attorneys Lang and Heise appeared on behalf of Defendants. The attorneys presented arguments on their respective positions; Plaintiffs presented the affidavit of Gary Hutter (an expert) (Ex. A); and, Defendants presented the affidavits of attorney Scott R. Schillings (Ex. 1), Richard J. Roby (an expert) (Ex. 2), and Philip G. Dinsmore (Defendant's employee) (Ex. 3).

The Defendants conducted non-destructive testing of the Powermate 5045 on January 28 and 29, 2013 with the Plaintiffs and their experts observing. Plaintiffs represented to the Court and Defendant that they did not intend on doing any independent testing on the heater. The results of the testing (in addition to other evidence) have led Defendants to suspect (or have suspicions confirmed) that the heater, the tank, and/or the connection between the two have been altered from the original manufacture. In light of this, Defendants seek to perform destructive testing of the heater and attached propane tank. By "destructive," the Defendants seek to disassemble the heater from the propane tank and conduct independent testing on each unit.

At the hearing, Plaintiffs did not object to the testing that Defendant suggests but merely to the timing of the testing. Plaintiffs state that before they could agree to the destructive testing they would like to examine the raw data from the tests already completed, consider whether they would like to do any additional testing on the unit prior to disassembly, and they would like to have a copy of the expert report of Defendant's expert, Richard J. Roby. Defendant states that it will provide the raw data and that it would like to participate in and/or observe any further testing by Plaintiff. Defendant, however, has indicated that it will be unable to produce an expert report by February 15, 2013 because, without the additional testing, such a report would be incomplete.

In light of these representations and the affidavits submitted by the parties, the following is hereby **ORDERED**:

1. Defendants **SHALL** provide the raw data from the testing conducted on January 28 and 29, 2013 to Plaintiffs within ten (10) days of the date of this Order.

2. Plaintiffs **SHALL** inform Defendant and the Court whether they wish to perform any additional (non-destructive) testing within ten (10) days of receipt of the raw data and shall provide the proposed testing protocols to Defendant should they seek additional testing of the unit in its current condition. Such testing may only be done with leave of court.

3. As to the testing requiring disassembly of the unit, the parties **SHALL** confer as to any additional testing they wish to perform and are granted leave to perform additional, <u>joint</u> destructive testing that is mutually agreeable.

4. In the event that the parties cannot reach an agreement as to the type, location, or timing (or any other related issues) of additional testing, the parties **SHALL** immediately contact chambers to set up a discovery dispute conference.

5. The production of Richard J. Roby's expert report is **STAYED** pending completion of any testing. A new deadline will be set once the Court is satisfied as to the schedule governing additional testing.

6. The settlement conference in this case is **RESET** to May 13, 2013 at 9:00 a.m. in East St. Louis, Illinois.

**DATED: February 5, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**