IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAULA UNDERHILL ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-129-JPG-DGW |
| | ) | |
| THE COLEMAN COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Strike or Otherwise Exclude Plaintiffs' Rebuttal Reports Containing New Case Theories and Opinions on Coleman's Experts' Qualifications (Doc. 100) filed by Defendant, The Coleman Company, on August 30, 2013. On August 20, 2013, this Court held an in-person discovery dispute hearing and directed the parties to brief the issue of whether Plaintiffs' experts were proper rebuttal witnesses. For the reasons stated below, the Motion is **DENIED IN PART** and **GRANTED IN PART.**

**BACKGROUND**

The discovery dispute at issue stems from Defendant's objections to Plaintiffs' rebuttal witnesses, Dr. Gary Hutter and Dr. Felix Lee, in a wrongful death suit involving a defective heater. Plaintiffs first submitted the reports of several expert witnesses, including Dr. Hutter, on November 15, 2012. Dr. Hutter, a mechanical engineer involved in prior cases regarding carbon monoxide poisoning and the heater at issue, opined that when the flow of fuel on the heater is restricted, the heater can be used to warm small, enclosed spaces. However, restricted fuel flow produces lethal levels of carbon monoxide. Dr. Hutter further opined that a properly located

thermocouple would act as a safety device to prevent the heater from producing lethal levels of carbon monoxide.

After Plaintiffs disclosed their expert witnesses, Defendant moved this Court requesting to test the heater. The Court allowed Defendant to ship the heater to Maryland for inspection and testing. The Court ruled that Plaintiffs could observe and participate in the testing, if desired. The Court also ruled that the results of the test would be available to both parties to use as they saw fit. Following the initial testing, Defendant moved this Court to allow it to perform destructive testing on the heater; the Court allowed Defendant to dismantle the heater. The Court specifically allowed Plaintiffs' experts to attend and observe the testing. The Court again found that the results of the testing would be available to both parties to use as they saw fit.

As a result of the testing, Plaintiffs filed the Second Supplemental Report of Gary Hutter on May 15, 2013. The report reiterated Dr. Hutter's opinion that the heater could produce lethal levels of carbon monoxide while maintaining comfortable temperatures within an enclosed space. The report further identified manufacturing defects—an improperly installed thermocouple and an improperly adjusted set screw. On May 20, 2013, Plaintiffs sent Defendant supplemental responses to previously submitted interrogatories and declared that they were making a manufacturing defect claim; Defendant made no objections.

On June 1, 2013, Defendant disclosed Dr. Roby's expert report. Dr. Roby opined that the improper placement of the thermocouple caused the heater to fail to perform the important safety function of shutting down once the temperature reached a certain level. In Dr. Roby's opinion, however, the defect was the result of alterations made by a third-party after the heater left Defendant's control. Plaintiffs took Dr. Roby's deposition on June 18, 2013. Dr. Roby revealed that he reviewed two documents Defendant provided that detailed the quality control procedures in place at the time the

heater was manufactured. Based on those documents, Dr. Roby opined that Defendant's quality control procedures would have discovered the manufacturing defects before the heater left Defendant's control. Dr. Roby testified that he was qualified to render such opinions because he was an expert in quality control and quality assurance. On July 21, 2013, Plaintiffs submitted rebuttal reports from Dr. Felix Lee, an expert in quality control and quality assurance, and Dr. Gary Hutter. Dr. Lee opined that the quality control and assurance procedures in place at the time the heater was manufactured were inadequate. Dr. Hutter opined that the manufacturing defects existed at the time the heater was manufactured.

## Discussion

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), a party must disclose an expert report if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). The proper function of rebuttal evidence is "to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Grintjes,* 237 F.3d 876, 879 (7th Cir. 2001).

Defendant's contention that Plaintiffs, through their rebuttal witnesses, seek to introduce new opinions and theories in contrivance of the Federal Rules of Civil Procedure is without merit. Defendant's argue that the rebuttal reports of Dr. Lee and Dr. Hutter contain new opinions and, therefore, should have been disclosed previously as part of Plaintiff's prima facie case.

Plaintiffs do not seek to introduce new opinions and theories through the reports of Dr. Lee and Dr. Hutter, but, rather, they merely seek to rebut Dr. Roby's opinion. Dr. Roby opined that Defendant's quality control procedures were adequate to prevent an improperly manufactured heater from leaving the manufacturing plant and that any defects were the result of a post-sale alteration. In response, Plaintiffs offered Dr. Lee's expert opinion. Dr. Lee, an

expert in quality control and assurance, opined that the quality control and assurance procedures in place at the time the heater was manufactured were inadequate. This directly rebutted Dr. Roby's claim that Defendant's quality control procedures were adequate to prevent an improperly manufactured heater from leaving the manufacturing plant. Plaintiffs also offered Dr. Hutter's expert opinion. Dr. Hutter opined that any defects in the heater existed at the time of manufacturing and were not the result of a post-sale alteration. This directly rebutted Dr. Roby's opinion that the defects in the heater were a result of post-sale alterations. As such, Plaintiffs experts were proper rebuttal witnesses.

Defendant also contends that Dr. Lee and Dr. Hutter improperly criticized and commented on Dr. Roby's qualifications as an expert witness. In his rebuttal report, Dr. Hutter stated, in pertinent part:

> Dr. Roby is not qualified to render an expert opinion regarding the sufficiency of Coleman's quality control and quality assurance procedures based upon a reasonable degree of quality control engineering standards. Quality control and quality assurance is a unique and independent discipline. Within the general field of engineering, the specialized field of study of quality control and assurance generally falls within industrial engineering or manufacturing engineering-not mechanical engineering. However, its heavy reliance on statistical data and mathematics, requires a person with training and experience in that area. Nothing in Dr. Roby's education or experience suggests that he has the qualifications to be qualified to render "expert" opinions in this specialized area.

In his rebuttal report, Dr. Lee stated, in pertinent part:

> Dr. Roby is not qualified to provide any opinion regarding Coleman's quality control/quality assurance procedures/program and is not qualified to provide the specific opinion that Coleman's quality control/quality assurance procedures/program would have detected the defects in the set screw position and thermocouple location present on the subject 5045 heater.

These opinions attacking Dr. Roby's qualifications are not proper expert witness testimony.

Specifically, the first paragraph of the section entitled "Coleman's Quality Control/Assurance Procedures do not support his opinion" in Dr. Hutter's report on page 3 is **STRICKEN**. Further, the section entitled "Dr. Roby's qualifications to render opinions on quality control or quality assurance" in Dr. Lee's report on pages 1-2 is **STRICKEN**.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs' experts were proper rebuttal witnesses. Further, the portions of the rebuttal reports that attack Dr. Roby's qualifications listed above are **STRICKEN**. Accordingly, Defendants' motion (Doc. 100) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS SO ORDERED.**

**DATED:** September 26, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**