IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULA UNDERHILL, *Individually and as Special Administrator of the Estate of Galen Underhill*, and SEAN UNDERHILL,

        Plaintiffs,

vs.

COLEMAN COMPANY, INC.,

        Defendant.

Case No. 12-cv-129-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Coleman Company, Inc.'s ("Coleman") motion *in limine* to bifurcate the trial (Doc. 143) to which plaintiffs Paul Underhill and Sean Underhill have responded (Doc. 157).

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  However, "[t]he piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course."  9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2388 (1995); *see also Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 626 (N.D. Ill. 2000) ("An order of separate trials is the exception, not the rule.").  In considering bifurcation, the district court must be mindful that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Prior to a decision to bifurcate a trial, the district court must first determine whether "the separation would prevent prejudice to a party or promote judicial economy."  *Chlopek v. Federal Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007).  After the court determines one of these criteria is

satisfied, it may bifurcate the trial "as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Id*.

Coleman seeks to bifurcate the liability and compensatory damages phases of trial from any punitive damages phase of trial in an effort to avoid prejudice to Coleman. Specifically, Coleman argues that the evidence necessary to support a punitive damages award would improperly influence the jury's liability and compensatory damages decisions. Coleman further argues that bifurcation would promote judicial economy because the relevant issues in determining liability and punitive damages are different.

The Court does not find Coleman's argument in favor of bifurcation persuasive. It is true in many cases that the evidence relevant to liability and compensatory damages are different from the relevant evidence in determining punitive damages. Bifurcating trials on this basis would make bifurcation the rule rather than the exception. Coleman presents no evidence that this particular case is different than the run-of-the-mill design or manufacturing defect claim. Further, there is no doubt that some of the evidence relevant to liability on the design and manufacturing defect claims will overlap with the evidence relevant to punitive damages. As such, bifurcation in this matter would delay this trial and fail to serve the ends of judicial economy.

For the foregoing reasons, the Court **DENIES** Coleman's motion to bifurcate the trial (Doc. 143).

**IT IS SO ORDERED.**

**DATED:** January 29, 2014

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**